**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
MARAL MAVYAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARAL MAVYAN, <br><br> Plaintiff, <br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC. <br><br> Defendants. | Case No.: 8:21-cv-1088 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** <br><br> 1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]** <br> 2. **VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Maral Mavyan, an individual consumer, against Defendant Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 and the California Consumer Credit Reporting Agencies Act.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in the complaint took place within this district.

## PARTIES

4. Plaintiff is an individual, residing in Glendale, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation with its principal place of business located in Costa Mesa, CA. At all relevant times herein, Defendant Experian was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees,

and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTUAL ALLEGATIONS

8. Within the last two (2) years, Defendant Experian has reported false, inaccurate and materially misleading information on Plaintiff's credit file regarding a Chase trade-line.

9. The Chase trade-line is inaccurate because it falsely and inaccurately reports that the account was closed at the consumer's request.

10. The erroneous charge-off reporting also omits the fact that Chase never notified Plaintiff of any notice of delinquency or provided Plaintiff with notice that it would submit negative credit information regarding her account prior to doing so, in violation of Cal. Civ. Code § 1785.26 and is therefore materially misleading.

11. Plaintiff sent dispute correspondence to Defendant Experian regarding this Chase trade-line.

12. Furthermore, notwithstanding receipt of Plaintiff's dispute, Defendant has failed to report Plaintiff's dispute of the Chase trade-line, further rendering it inaccurate and materially misleading.

13. Notwithstanding receipt of same, as of the date of the filing of this complaint, Defendant Experian continues to report inaccurate information regarding alleged deficiency balances which Plaintiff does not owe on Plaintiff's credit report.

14. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, has failed to report on the results of the reinvestigations and has continued to report the derogatory information about Plaintiff.

15. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

18. As a direct and proximate result of Defendant's above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial

**FIRST CAUSE OF ACTION**

**(Violations of the Fair Credit Reporting Act)**

**15 U.S.C. § 1681 et seq.**

**(against Defendant Experian)**

19. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

20. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency, directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC §

1681i(a)(l)(A).

21.    The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

22.    Within the two years preceding the filing of this complaint, Plaintiff notified Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

23.    Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

24.    Experian failed to review and consider all relevant information submitted by Plaintiff.

25.    As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 168li(a)(I), Experian has failed to remove erroneous information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

26.    Experian's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

27.    As a result of Experian's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to his credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a).

## SECOND CAUSE OF ACTION

**(Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant Experian is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

30. Defendant Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Defendant Experian is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

31. In preparing Credit Reports, Defendant Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

32. As a result of Defendant Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian is reporting false information on Plaintiff's credit file.

33. Defendant Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning

of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

## THIRD CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. In preparing credit reports relating to Plaintiff, Defendant Experian has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

36. As a result of Defendant Experian's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Experian is reporting false information on Plaintiff's credit file.

37. Defendant Experian's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

38. As a result of Defendants' negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiffs has suffered

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

39. an award of actual damages, in an amount to be determined at trial, pursuant to *15 U.S.C § 1681(n);*

40. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA*;*

41. an award of punitive damages under *15 U.S.C § 1681(n)*;

42. an award of attorneys' fees and costs pursuant to *15 U.S.C § 1681(o)* and *Cal. Civ. Code § 1785.31(d);*

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: June 22, 2021  **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorneys for Plaintiff*

COMPLAINT